# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Lee Lain,**

        **Plaintiff,**

v.                                         Case No. 13-CV-2201

**Johnson County Community College
and BNSF Railway Company,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Lee Lain filed this negligence action against defendants for injuries he sustained after he slipped and fell due to an "unnatural accumulation of ice" on a pedestrian pathway at the BNSF Technical Training Center on the campus of defendant Johnson County Community College ("JCCC"). His claim against JCCC is asserted under the Kansas Tort Claims Act (KTCA) and his claim against defendant BNSF Railway Company, his employer, is asserted under the Federal Employers' Liability Act. This matter is presently before the court on JCCC's motion to dismiss plaintiff's complaint on the grounds that JCCC is immune from liability for plaintiff's damages pursuant to the "snow and ice" exception of the KTCA. As will be explained, the motion is granted.

In his amended complaint, plaintiff alleges that he was injured on January 26, 2011 in connection with a slip and fall at the BNSF Technical Training Center on the campus of JCCC while working for BNSF. According to the allegations in plaintiff's amended complaint, plaintiff's accident occurred as a result of "an unnatural accumulation of ice by the negligent efforts of snow removal, which caused melting snow to drain across a pedestrian pathway,

where it re-froze, causing a safety hazard to individuals using said pathway." In his response to the motion to dismiss, plaintiff contends that discovery will show that JCCC

> plowed its parking lots and made piles of plowed snow in areas where it could later melt and to drain down across a walkway. This draining water then refroze in a walkway which plaintiff used, resulting in his fall. Plaintiff further submits that discovery will establish that had JCCC's snow removal efforts been performed properly, the snow would not have been piled in an area where it could melt, drain across a walkway and then refreeze.

Plaintiff further alleges in his amended complaint that JCCC was negligent in failing to inspect the pathway; failing to clean snow and ice of long duration off the pathway; failing to apply a non-slip compound to the pathway; and failing to warn plaintiff about the unnatural accumulation of ice.

The Kansas Tort Claims Act (KCTA) makes a governmental entity liable "for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." K.S.A. § 75-5103(a).[1] The KCTA makes governmental liability the rule and immunity the exception. *Fettke v. City of Wichita*, 264 Kan. 629, 633 (1998). The burden is on the defendant, here JCCC, to establish immunity under one or more of the exceptions to liability set forth in K.S.A. § 75-6104. *Id.* The exception invoked by JCCC in this case provides as follows:

> A governmental entity or employee acting within the scope of the employee's employment shall not be liable for damages resulting from . . . snow or ice conditions or other temporary or natural conditions on any public way or other

---

[1] Plaintiff does not dispute that JCCC is a "governmental entity" for purposes of the KCTA. *See* K.S.A. § 75-6102c (c) ("governmental entity" means a "state or municipality"); K.S.A. § 12-105a(a) ("municipality" includes a "community junior college").

> public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of the governmental entity.

K.S.A. § 75-6104(*l*).

In its motion to dismiss, JCCC contends that it is immune from liability for plaintiff's injuries because plaintiff has failed to allege an affirmative act of negligence that caused the condition. In support of its motion, JCCC relies in large part on the Kansas Court of Appeals' decision in *Owoyemi v. University of Kansas*, 2004 WL 1373305 (Kan. App. June 11, 2004), a case with facts strikingly similar to the facts alleged in plaintiff's complaint here. In *Owoyemi*, the plaintiff was injured when she slipped and fell on ice that had formed on a walkway between a parking garage and the main hospital entrance of the University of Kansas Medical Center. *Id.* at *1. The plaintiff testified that there was very light snow falling at the time of her accident and that there was snow "which had been previously pushed back off the crosswalk." *Id*. According to plaintiff, there was a strong possibility that "snow which had previously fallen melted and refroze." *Id*. The plaintiff filed a negligence action against the University alleging that the University negligently failed to inspect the crosswalk on the morning of the accident and negligently failed to remove or treat the patch of ice where she slipped. *Id*. The University moved for summary judgment and the district court granted that motion, ruling that the University was immune from liability under K.S.A. § 75-6104(*l*). *Id*.

On appeal, the University argued that it was immune because the plaintiff's fall was caused by snow or ice due to natural weather conditions and not by any affirmative acts of negligence on the part of the University which contributed to the accident. *Id.* at *2. In response, the plaintiff conceded that the ice causing her fall was originally due to natural

3

weather conditions, but argued that the particular patch of ice where she fell resulted from snow which had previously melted and refroze:

> Owoyemi claims that the condition was affirmatively caused by the negligent acts of the University employees because they: (1) failed to properly inspect the walkway that morning, and (2) *failed to remove snow next to the sidewalk* where, under the temperature conditions, it would melt and refreeze.

*Id*. (emphasis added). The Kansas Court of Appeals affirmed the district court. *Id*. at *4. In doing so, the Court of Appeals emphasized that the uncontroverted evidence established that the ice upon which the plaintiff fell originated from natural weather conditions and that there was no evidence of an "artificial factor" that contributed to the accident. *Id*. at *3. Rejecting the plaintiff's arguments, the Court of Appeals stated that the University's "failure to remove snow from near the sidewalk where it could melt and refreeze was not an affirmative act" and that "such a requirement would appear to impose an unreasonable burden on the property owner." *Id*. In sum, the Court of Appeals held that the snow and ice exception of the KTCA "clearly" applied such that University was immune from liability. *Id*. at *4.

Plaintiff here attempts to distinguish *Owoyemi* on the grounds that the plaintiff in that case alleged only that the University "failed" to act in certain respects such as failing to remove adjacent snow and failing to inspect the sidewalk. Plaintiff contends that these allegations are distinct from her contention that JCCC's affirmative snow removal methods (*i.e*., piling snow in areas where the snow could melt, drain across the sidewalk and then refreeze on the sidewalk) were negligent. But plaintiff's allegation that JCCC negligently piled snow adjacent to the sidewalk is simply another way of saying that JCCC failed to remove snow adjacent to the sidewalk. Just as JCCC cleared the sidewalks and parking lots and, in doing so, piled snow

4

adjacent to the sidewalk that then melted and refroze, the *Owoyemi* decision reflects that the University engaged in snow removal efforts, pushed snow off the sidewalk and left that snow adjacent to the sidewalk, where it later melted and refroze. Significantly, despite the University's affirmative steps to clear the sidewalks, the Court of Appeals declined to characterize those steps as affirmative acts of negligence (which the Court of Appeals believed would impose an unreasonable burden on the University) and focused instead on the University's failure to remove snow that it had pushed back off the sidewalk. Finally, like *Owoyemi*, plaintiff here does not contend that an artificial factor contributed to his accident. Plaintiff's allegations, then, are not materially distinct from the facts of *Owoyemi*.

There is no other basis on which the court can distinguish *Owoyemi* from this case. While the *Owoyemi* decision was rendered at the summary judgment stage, plaintiff here has indicated precisely what facts would be revealed in discovery and the court has considered those facts in resolving JCCC's motion. As in *Owoyemi*, then, the court concludes that the ice that caused plaintiff's accident was there as a result of natural weather conditions and, under the totality of the circumstances, there was no affirmative negligent act on the part of JCCC which contributed to the icy condition. *Compare Taylor v. Reno County*, 242 Kan. 307 (1987) (county immune under snow and ice exception; ice that had accumulated on bridge was the result of natural weather condition and there was no affirmative act by the county that contributed to the accident) *and Lopez v. Unified Gov't of Wyandotte County*, 31 Kan. App. 2d 923 (2003) (county immune under snow and ice exception; ice that formed on street after water line break was caused by natural cooling temperatures and there was no affirmative act by the county that contributed to condition) *with Draskowich v. City of Kansas City*, 242 Kan. 734 (1988) (city not

immune under snow and ice exception; ice formed on street after county employee turned water on to locate water line break and allowed street to flood).

For the foregoing reasons, the court concludes that the snow and ice exception of K.S.A. § 75-6104(*l*) clearly applies and JCCC is immune from liability. The court declines plaintiff's request for permission to amend his complaint as there is no suggestion in his submissions that he would be able to plead facts under which JCCC would not be immune from liability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Johnson County Community College's motion to dismiss (doc. 9) is granted.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2013, at Kansas City, Kansas.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge