## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Lee Lain,

        **Plaintiff,**

v.                                                    **Case No. 13-CV-2201**

BNSF Railway Company,

        **Defendant.**

### <u>MEMORANDUM & ORDER</u>

Plaintiff Lee Lain filed this negligence action under the Federal Employers' Liability Act against BNSF Railway Company, his employer, for injuries he sustained after he slipped and fell due to an "unnatural accumulation of ice" on a pedestrian pathway at the BNSF Technical Training Center on the campus of Johnson County Community College. This matter is presently before the court on BNSF's motion for summary judgment on plaintiff's claim. As will be explained, the motion is denied.


**Standard**

"Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Water Pik, Inc. v. Med–Systems, Inc*., 726 F.3d 1136, 1143 (10th Cir. 2013) (quotation omitted); *see* Fed. R. Civ. P. 56(a). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Water Pik, Inc*., 726 F.3d at 1143 (quotation omitted). "The nonmoving

party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Id*. at 1143-44.

**Facts**

The following facts are either uncontroverted or related in the light most favorable to plaintiff, the nonmoving party. A contract exists between BNSF and Johnson County Community College (JCCC) under which BNSF employees receive training at the BNSF Technical Training Center on the campus of JCCC. On January 26, 2011, plaintiff, a BNSF employee, attended the first day of a scheduled training session at the BNSF Technical Training Center pursuant to the direction of BNSF. Consistent with BNSF's regular practice, BNSF began the training session with a safety briefing to discuss potential hazards, evacuation procedures and emergency procedures. During the safety briefing, the BNSF instructor advised employees that a designated smoking area could be located outside on the side of the building. While the instructor did not advise the employees that there was an exit door down the hall from the classroom that would lead employees directly to the smoking area, BNSF asserts that this exit door was obvious and that at least two employees used that exit to reach the smoking area.

At the conclusion of the safety briefing, just before 8:00am, the instructor advised the employees that they could take a short cigarette or coffee break and that they should return to the classroom in ten minutes. When plaintiff exited the building to take a cigarette break, he did not utilize the exit door closest to his classroom and closest to the smoking area. Rather,

plaintiff exited the building through the main entrance.  Plaintiff testified that most of the employees in his class utilized the main entrance to exit the building at that time.  According to plaintiff, he elected not to use the exit door near the classroom because he was not familiar with the facility, the door appeared to be an emergency exit, and he was not sure whether the door would lock behind him.  After exiting the main doors, plaintiff followed a wide path around the side of the building to explore the area and to obtain an "overview" of his surroundings, and eventually came to the designated smoking area.  He did not encounter any slick or icy conditions on this route.  According to plaintiff, he was the only employee to utilize the designated smoking area; the other employees who had exited the main entrance with him stayed near the main entrance and smoked cigarettes there in violation of BNSF and JCCC policy.

After smoking one or two cigarettes, plaintiff began walking back from the designated smoking area to the main entrance.  He did not take the same wide path that he had taken on his way out to the smoking area.  Instead, he walked closer to the building in front of some dumpsters that were located adjacent to the building in a loading dock area.  Despite the fact that plaintiff was walking on what appeared to him to be clean and dry pavement, plaintiff fell on a patch of "invisible" ice and sustained injuries.  Although the temperature was below freezing at the time of plaintiff's fall, temperatures on the prior day had reached into the 40s.  According to plaintiff, the invisible ice was caused by improper snow removal practices in that the snow was not removed from the area but was simply pushed behind the dumpsters, permitting that snow to melt in warmer temperatures, drain onto the pavement in front of the dumpsters, and then re-freeze on the pavement in lower temperatures.

3

**Discussion**

Section 1 of FELA provides for the railroad's liability to its employees for "injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. To hold a railroad liable under FELA, the employee must prove that (1) his injuries occurred within the scope of his employment; (2) he was employed as part of the railroad's interstate transportation business; (3) the railroad was negligent; and (4) the negligence at least in part caused in the injury for which the employee seeks compensation. *Volner v. Union Pacific R. Co.*, 509 Fed. Appx. 706, 708 (10th Cir. 2013). With respect to the third prong, an employee must prove the common law negligence elements of duty, breach, foreseeability and causation. *Id*. (citations omitted). "It is not enough that" Mr. Lain was injured; BNSF "must actually be negligent for there to be liability under FELA." *Id*. (citations omitted).

In the pretrial order, plaintiff claims that BNSF negligently failed to provide a safe place to work; negligently failed to inspect the premises; and negligently failed to warm plaintiff about unsafe working conditions. BNSF moves for summary judgment on all claims on the grounds that plaintiff's injury was not foreseeable; BNSF had no duty to protect its employees from injuries resulting from the mere existence of snow and ice; and plaintiff's injury occurred outside the scope of plaintiff's employment. Construing the evidence in the light most favorable to plaintiff, a reasonable jury could conclude that plaintiff's injury was foreseeable; that BNSF had a duty to prevent or remedy weather-related conditions on the premises under the

circumstances presented; and that plaintiff was acting within the scope of his employment at the time of his injury.  Summary judgment is therefore denied.[1]


*No Foreseeability of Harm*

According to BNSF, plaintiff cannot survive summary judgment on the foreseeability element of his claim in light of his admissions that the ice upon which he slipped was "invisible" and that he fell while walking across a loading dock area rather than using the authorized route between his classroom and the designated smoking area.  More specifically, BNSF contends that plaintiff has come forward with no evidence from which a jury could reasonably conclude that BNSF knew or should have known about the "black" or "invisible" ice that caused plaintiff's injury (given the fact that plaintiff himself could not detect it in broad daylight) or that BNSF knew or should have known that plaintiff, in returning to his classroom after a smoking break, would fail to use the most direct route back to his classroom and, instead, would utilize the loading dock area.  BNSF, then, contends that plaintiff has not shown that the harm he suffered was reasonably foreseeable to BNSF.  *See CSX Transp., Inc. v. McBride,* 131 S. Ct. 2630, 2643 (2011) (reasonable foreseeability of harm is an essential ingredient of FELA negligence); *Holbrook v. Norfolk Southern Railway Co.*, 414 F.3d 739, 742 (7th Cir. 2005) (to establish foreseeability for purposes of FELA, plaintiff must show that employer had actual or constructive notice of harmful circumstances); *Schaefer v. Union Pacific Railroad Co.*, 1999 WL 333099, at *2 (10th Cir. May 26, 1999) (employer not liable under FELA if it has no

---

[1] In a prior memorandum and order, the court granted JCCC's motion to dismiss plaintiff's complaint on the grounds that JCCC is immune from liability for plaintiff's damages pursuant to the "snow and ice" exception of the Kansas Tort Claims Act.

reasonable way of knowing that a potential hazard exists; plaintiff must prove that employer knew or should have known of conditions which created a likelihood that plaintiff would suffer injury).

On this record, a reasonable jury could conclude that plaintiff's injury was foreseeable. With respect to the invisible ice, plaintiff testified that BNSF, rather than removing snow from the area, simply pushed the snow behind the dumpsters, thus permitting melting and refreezing of the snow in the area in front of the dumpsters.  This evidence is not controverted by BNSF and,[2] thus, is sufficient to raise a triable issue of fact as to whether BNSF created the icy condition through its negligent snow removal.   In such circumstances, plaintiff need not establish that BNSF had actual or constructive knowledge of the invisible ice.  *See Webb v. Illinois Central Railroad Co.*, 352 U.S. 512, 515 (1957) (railroad charged with notice of condition that it created through its own negligence); *Johnson v. Norfolk Southern Ry. Co.*, ____ F. Supp. 2d ___, 2014 WL 3854413, at *5-6 (N.D. Ind. Aug. 6, 2014) (plaintiff need not establish actual or constructive notice of dangerous condition where evidence suggested that employer created the hazard).

Similarly, a reasonable jury could conclude that BNSF knew or should have anticipated that its employees might utilize the route used by plaintiff to walk between the training

---

[2] In response to plaintiff's statements of facts regarding BNSF's snow removal efforts, BNSF responds only that the testimony is "self-serving," suggesting that the testimony is somehow incompetent under Rule 56.  BNSF's objection appears to refer to uncorroborated statements of fact or opinion which are favorable to the deponent.  This objection reflects a misunderstanding of summary judgment practice.  The court evaluates the validity of deposition testimony not by examining whom the testimony serves, but rather by examining whether the testimony relates specific, personalized facts within the deponent's knowledge.  BNSF has not shown that the "self-serving" portions of plaintiff's deposition testimony fail to satisfy this standard.

classroom and the smoking area. Plaintiff's evidence demonstrates that BNSF did not notify its employees that there was an exit door down the hall from the classroom that would lead employees directly to the smoking area; that plaintiff injured himself on the first break of the first day of training and was unfamiliar with the training center; that numerous employees exited the building on the first break using the main entrance doors; that the employees had been dropped off at the training center at the main entrance doors not long before the first break such that the main entrance doors were the only doors they had utilized at the time of the first break; and that the loading dock area, while perhaps not well-traveled by employees attending training classes, was nonetheless utilized by other BNSF employees. In fact, a photograph of the area contained in the record depicts that, once an employee decided to exit the main entrance for purposes of reaching the smoking area, the most direct route to that smoking area was the route utilized by plaintiff—across the loading dock area and in front of the dumpsters. Given these facts, a jury could conclude that BNSF knew or should have known that its employees might walk in the loading dock area at some point while attending classes at the training center such that it had a duty to prevent or remedy dangerous conditions in that area. *See Parente v. Metropolitan Transp. Authority*, 2012 WL 1813077, at *2-3 (S.D.N.Y. May 16, 2012) (where plaintiff slipped on ice in parking lot, denying employer's summary judgment motion on FELA claim despite evidence that plaintiff parked her car in a trash dumpster area rather than a legally designated parking spot and despite evidence that parking spots free of ice were available to her; employer had some knowledge of icy conditions and failed to remedy conditions).

*No Control Over Vagaries of Weather*

BNSF also moves for summary judgment on the grounds that it cannot control the "vagaries of the weather" and, accordingly, that it has no duty to protect its employees from injuries resulting from "the mere existence of ice or snow that is disconnected from other circumstances."  This argument is rejected.  While several courts have recognized that railroads have no control over the vagaries of the weather or climatic conditions, those courts have also emphasized that railroads nonetheless are liable for injuries resulting from weather-related causes which could be eliminated through use of due care.  *See Kimbler v. Pittsburgh & Lake Erie R.R. Co.*, 331 F.2d 383, 385-86 (3rd Cir. 1964) (rejecting "vagaries of weather" argument where evidence demonstrated that railroad could have taken to prevent ice formation on steps or neutralize harmful effects of ice on steps; affirming trial court's finding of negligence); *Raudenbush v. Baltimore & Ohio R.R. Co.*, 160 F.2d 363 (3rd Cir. 1947) (despite general rule that there is no liability for injuries resulting from mere existence of ice or snow and "disconnected from other circumstances," railroads must, within confines of switch yard, exercise a reasonable degree of care to prevent an accumulation of snow or ice in such quantity and location as would constitute a menace to the safety of the employees; under facts of case, no duty to remove light fall of snow from switch yard in light of recentness of storm and slight nature of accumulation).

Here, there is evidence from which a jury could reasonable conclude that BNSF did not exercise due care to prevent the formation of black ice in the area where plaintiff fell or to neutralize the effect of the presence of black ice in the area and that BNSF itself may have created or contributed to the condition that caused plaintiff's injury.  In such circumstances, the general rule concerning the "vagaries of the weather" does not preclude, as a matter of law,

BNSF's liability for plaintiff's injuries.  *See Tipton v. Norfolk Southern Ry. Co.*, 2010 WL 2927186, at *3 (N.D. Ohio 2010) (railroad's failure to remedy conditions created by winter weather may constitute negligence; court left to the jury question of whether railroad exercised reasonable care under the specific circumstances presented); *O'Heron v. CSX Transp., Inc.*, 181 F. Supp. 2d 779, 781 (N.D. Ohio 2001) (denying summary judgment where plaintiff slipped and fell on ice while walking to parking lot and rejecting "vagaries of weather" argument; railroad had a duty to respond to manifestly ice conditions where evidence supported inference that railroad was on notice that employees would use pathway to parking lot and that railroad was on notice that portions of the premises would need salting or other treatment); *Fluck v. Norfolk & W. Ry. Co.*, 334 F. Supp. 433 (C.D. Pa. 1971) (FELA does not exempt railroads from liability because of the weather; finding in favor of plaintiff after bench trial in light of finding that railroad was negligent in failing to recognize that ladder had ice-covered rungs after "trace amounts of precipitation had created icy conditions in the general vicinity of the freight yards").

*Injured Outside the Scope of Employment*

Finally, BNSF contends that it is entitled to summary judgment on plaintiff's claims because plaintiff, who undisputedly was injured during a cigarette break that was not required by BNSF nor for the benefit of BNSF, was acting outside the scope of his employment.  A FELA plaintiff must prove that he was injured in the scope of his employment. *Feichko v. Denver & Rio Grande Western R. Co.*, 213 F.3d 586, 592 (10th Cir. 2000) (citing *Smith v. Medical & Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997).  FELA's "scope of employment" requirement has been interpreted broadly to encompass not only acts required by

the employer but also acts necessarily incidental to the employment.  *Id.* (citations omitted). The Act does not cover activities undertaken by an employee for a private purpose and having no causal relationship with his or her employment.  *Id.* (district court properly granted summary judgment on FELA claim where plaintiff was injured while searching for his missing checkbook; search was not done under the direction and authority of the railroad and railroad could not have reasonably foreseen the search and did not benefit from it).

Viewed in the light most favorable to plaintiff, the evidence in the record demonstrates that BNSF authorized the specific smoking break during which plaintiff was injured; that BNSF clearly anticipated that its employees would take smoking breaks during the training class; that BNSF provided a designated place for employees to take smoking breaks; and that BNSF, to some extent, benefitted from those breaks in the sense that its employees returned to work refreshed and more productive.  In such circumstances, a reasonable jury could conclude that plaintiff was acting within the scope of his employment at the time of his injury.  Summary judgment on this issue is denied.  *See Rodriguez v. Trump Casino*, 2009 WL 2342866, at *5-6 (N.D. Ind. 2009) (casino could not provide sole designated area for smoking and eating, encourage employees to use that location, and then refuse to acknowledge that such are terms of employment; plaintiff raised genuine issue of material fact with respect to whether she was acting within the scope of her employment when she was injured after she punched out and stopped in employee cafeteria for beverage while waiting for bus to employee parking lot).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant BNSF Railway Company's motion for summary judgment (doc. 51) is denied.

10

**IT IS SO ORDERED.**


Dated this 3rd day of October, 2014, at Kansas City, Kansas.


                ___s/  John W. Lungstrum_____
                John W. Lungstrum
                United States District Judge